UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANONYMOUS #1, *by his parent and natural guardians*,

                        Plaintiff,

                        -v-

MICHAEL KELSEY, *et al.*,

                        Defendants.

20-CV-1542 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On July 19, 2021, the Court issued an Order to Show Cause (the "Order") as to why Plaintiff's claims against Defendant Michael Kelsey ("Kelsey") should not be severed, pursuant to Rule 21 of the Federal Rules of Civil Procedure, and remanded on equitable grounds, pursuant to 28 U.S.C. § 1452. (*See* Order to Show Cause ("OSC") 10–11 (Dkt. No. 29).) The Court directed Plaintiff and Defendants Boy Scouts of America and Boy Scouts of America Inc. (collectively, "BSA"), Hudson Valley Council, Inc. ("HVC"), Our Savior Lutheran Church ("Our Savior"), and Richard Robbins ("Robbins") to respond to the Order by July 26, 2021. (*Id.*) In view of Kelsey's incarceration and pro se status, the Court directed him to respond by July 30, 2021. (*Id.* at 11.) Plaintiff's counsel responded on July 23, 2021, (*see* Aff'n of Jeremy D. Barberi, Esq., in Resp. to Order to Show Cause ("Barberi Aff'n") (Dkt. No. 31)), and Kelsey responded on August 9, 2021, (*see* Resp. Aff'n of Michael N. Kelsey ("Resp. Aff'n") (Dkt. No. 33)). The remaining Defendants failed to respond to the Court's Order.

For reasons discussed in the Order, the Court will sever Plaintiff's claims against Kelsey and remand them to state court. Although Kelsey argues that he was prejudiced when this Action was removed to federal court, (Resp. Aff'n ¶¶ 10–11), even if that were true, it would not

provide a compelling basis for retaining jurisdiction over the claims asserted against him. To the contrary, remanding the claims to state court will allow for a speedy adjudication that is not weighed down by the BSA's ongoing bankruptcy saga. To the extent the Appellate Division denied Kelsey's appeal of Justice Grossman's discovery order on jurisdictional grounds, (*see* OSC 4), Kelsey's appeal could be reinstated in state court following remand.[1]

Although the Court will sever and remand Plaintiff's claims against Kelsey, it will not at this time sever and remand the claims against Robbins, as Plaintiff requests. (*See* Barberi Aff'n ¶ 4.) As an initial matter, the Court is somewhat skeptical that the claims against Robbins should be severed from those against BSA, HVC, and Our Savior. Unlike Kelsey, Robbins is named as a Defendant alongside BSA, HVC, and Our Savior in Counts 1, 3, 4, 5, 6, 7, and 10, which rest on various theories of negligence, failure to report, failure to investigate, or respondeat superior. (*See* OSC 1–2.) Thus, it is less obvious these claims can be readily severed and adjudicated without the remaining Defendants. Although Plaintiff may renew its Application to sever and remand the claims against Robbins, the Court will not grant the Application without hearing from Robbins or counsel representing Robbins. To date, no attorney has filed a notice of appearance for Robbins, and Robbins himself has not otherwise communicated with the Court.

Plaintiff also suggests that, in the event the Court severs and remands the claims as to Kelsey, it should sever such claims in a "companion case"—*Anonymous #2 v. Kelsey et al.*, No.

---

[1] Heeding this Court's observation that "a party may not make a *motion* for declaratory relief, but rather, . . . must bring an *action* for a declaratory judgment," (OSC 5 (citation omitted)), Kelsey now maintains that he "intends to pursue" declaratory relief "via separate action," (Resp. Aff'n ¶ 21), and urges the Court not to sever and remand the claims against him on this basis, (*see id.* ¶ 23 ("[E]quity should permit the Undersigned to remain under the federal jurisdiction for the present time while he pursues a separate action to establish his rights under 28 USC 2201 in an attempt to cure the prejudice.")). Of course, Kelsey is free to initiate a separate action at any time. But that is not a persuasive argument for retaining jurisdiction over claims that properly belong in state court.

2

20-CV-1543—currently pending before the Honorable Nelson S. Román. (Barberi Aff'n ¶ 4.) Apart from the fact that Plaintiff, as far as this Court is aware, has made no attempt to consolidate these cases or have them designated as related cases, the Court has no authority to sever and remand claims pending in an action before another court in this District.

Thus, for the foregoing reasons and those stated in the Court's prior Order, Plaintiff's claims against Kelsey should be severed and remanded to state court. The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 12), remand the claims against Kelsey to state court, and mail a copy of this Order to Plaintiff.[2]

SO ORDERED.

Dated: August 31, 2021
White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[2] Because the Court is remanding the claims against Kelsey, Kelsey's pending Motion is now moot.

3