UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANONYMOUS #1, individually, by his parent and natural guardians,<br>*Plaintiff*,<br>v.<br>MICHAEL KELSEY, et al.,<br>*Defendants*. | No. 20-CV-1542 (KMK)<br><br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

On February 20, 2020, this Action was removed from the Supreme Court for the County of Dutchess. (Not. of Removal (Dkt. No. 1).) On May 13, 2021, the Action was partially stayed due to a bankruptcy proceeding. (Mem. Endorsement dated May 13, 2021 (Dkt. No. 26).) On August 31, 2021, the Court ordered that the claims against Defendant Kelsey should be severed and remanded to state court. (Order dated August 31, 2021 (Dkt. No. 34).) On April 18, 2023, and April 3, 2024, the Parties updated the Court regarding the status of the stay. (See Letter from Michael L. Kenny, Jr., Esq. to Court (Apr. 18, 2023) (Dkt. No. 36); Letter from Michael L. Kenny, Jr., Esq. to Court (Apr. 3, 2024) (Dkt. No. 37).) The Court received no further updates for over two years. (See generally Dkt.)

On August 14, 2026, the Court issued an Order to Show Cause why this Action should not be dismissed for failure to prosecute. (*See* Order (Dkt. No. 38).) The Order advised the Parties that, "The Court may dismiss this case without prejudice without further notice in the event that good cause is not shown." (*Id.* at 2.) Nevertheless, silence persisted from both Parties in the intervening month. Accordingly, the Court dismisses this Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, see U.*S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. As to the first factor, there has been no activity in this case for over two years. "Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice." *Go Home, Ltd. v. Infinite Harmony, Inc.*, No. 18-CV-4358, 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020), *report and recommendation adopted*, No. 18-CV-4358, 2021 WL 7906530 (E.D.N.Y. May 6, 2021); *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (substantively same). As to the second factor, Plaintiff was apprised of the fact that further delays might result in dismissal. (*See* Order (Dkt. No. 38).) As to the third factor, there is an applicable presumption that Defendants will be prejudiced by further delays. "Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered." *Go Home, Ltd. v. Infinite Harmony, Inc.*, 2020 WL 13157535, at *2 (citing *Caussade*, 293 F.R.D. at 630). "Here, while both parties have failed to participate in this case, the Plaintiff's lack of action in prosecuting this case creates the presumption that the delay is prejudicial against Defendant, weighing in favor of dismissal." *Id.* As to factor four, dismissing this case would undoubtedly promote efficiency and ease congestion. And where a Plaintiff "has shown little interest in prosecuting" their case, failed to comply with the Court's orders, and fallen out of contact, this factor weighs in favor of dismissal. *Caussade*, 293 F.R.D. at 631. The Court is not obligated to allow a case "to languish on the docket," *Davison v. Grillo*, 05-CV-4960 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006), and remain forever waiting for Plaintiff to re-engage in the litigation. Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5

(S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

DATED: September 14, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE